IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LENA BELL,

    Plaintiff,

v.                                           Civil Action No. 5:08CV5
                                                                     (STAMP)
CABELA'S, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART AS MOOT
DEFENDANT'S MOTION TO DISMISS,
CONVERTING DEFENDANT'S MOTION TO DISMISS
INSOFAR AS IT REQUESTS DISMISSAL OF
PLAINTIFF'S SECOND CAUSE OF ACTION
INTO MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S CONVERTED
MOTION FOR SUMMARY JUDGMENT
AND DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S SECOND CAUSE OF ACTION**

I. Procedural History

The plaintiff, Lena Bell ("Bell"), filed the above-styled civil action alleging that the defendant, Cabela's, Inc. ("Cabela's") has violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. The complaint alleges two causes of action. The first claims that Cabela's discriminated against Bell on the basis of pregnancy and gender by failing to grant her an accommodation and terminating her employment. The second asserts that Cabela's retaliated against Bell after she requested an accommodation for her pregnancy.

Bell initially filed her complaint in the United States District Court for the Western District of Pennsylvania. In response, Cabela's filed a motion to dismiss for lack of venue, or, in the alternative, for change of venue, and to dismiss the second cause of action for failure to exhaust administrative remedies. Thereafter, by stipulation of the parties, entered by the United States District Court for the Western District of Pennsylvania, the case was transferred to this Court. Pending at the time of transfer was that portion of Cabela's motion seeking dismissal of Bell's second cause of action for failure to exhaust administrative remedies.[1] Although Bell had been represented by counsel while the case was pending before the Western District of Pennsylvania, she is now proceeding pro se.[2] Accordingly, this Court issued a Roseboro[3] Notice informing Bell of her right to file responsive material to Cabela's motion to dismiss and alerting her that failure to so respond could result in the entry of an order of dismissal. Bell filed a response, which objects to dismissing the complaint on the general contention that she believes the facts of

---

[1]Transfer of this action to this Court rendered moot those portions of Cabela's motion to dismiss for improper venue, or, in the alternative, for change of venue. Accordingly, this Court will deny as moot those portions of Cabela's motion.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[3]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

what occurred need to be made public. Cabela's motion to dismiss is now ripe for review and ready for disposition. For the reasons set forth below, this Court finds that Cabela's motion must be converted to a motion for summary judgment and granted without prejudice.

II. Facts

According to Bell's complaint, she began employment with Cabela's on April 13, 2005 and shortly thereafter she became pregnant. Bell informed her supervisor of her pregnancy on or about June 1, 2005. Bell's supervisor accommodated Bell's request to bypass Cabela's metal detectors when entering the work facility.

Approximately one week later, Bell's physician advised her to avoid lifting more than twenty-five pounds. Bell claims that when she informed her supervisor of the weight-lifting restriction, the supervisor demanded that Bell provide documentation of the restriction from her physician. Bell's supervisor later allegedly informed Bell that if Bell actually provided such documentation, she would be released from employment.

Bell states that on or about June 20, 2005, she appeared at work and presented a note from her doctor confirming the twenty-five-pound lift limitation. Bell alleges that the following day, Cabela's gave her the option of voluntarily resigning or being transferred to seasonal work. The latter option, according to Bell, would essentially have placed her employment on hiatus until

after the birth of her baby, at which time Cabela's would assess its employment needs and possibly permit her to return to work. Bell requested instead that she be transferred to another department with less strenuous physical requirements. Cabela's declined to transfer Bell, and on June 28, 2005, terminated her employment.

In its motion to dismiss, Cabela's claims that Bell filed two separate Charges of Discrimination with the Philadelphia Office of the United States Equal Employment Opportunity Commission ("EEOC"). The first charge is an unverified charge ("Charge I") which was filed on or about March 8, 2006, and alleged that Bell had been subject to unlawful discrimination because of her pregnancy. On Charge I, Bell checked the boxes for "Retaliation," "Disability Discrimination," and "Continuing Action." The second charge is a verified charge ("Charge II") alleging unlawful discrimination against Bell based upon her pregnancy. On Charge II, Bell checked the boxes for "Sex" and "Other," specifying "Pregnancy" for the box checked "Other." She did not check the boxes for "Retaliation," "Disability Discrimination," of "Continuing Action."

During the EEOC's investigation of Bell's discrimination charges, the EEOC investigator notified Bell's counsel, by letter, of the discrepancy between the boxes checked in Charge I and those checked in Charge II. The investigator informed Bell's counsel that if Bell wanted to pursue her discrimination charge on the

4

bases of disability, retaliation, and/or continuing action, Bell's counsel would need to provide written confirmation. Cabela's claims that the EEOC never received a response to this letter. Cabela's further claims that it was later served only with a copy of Charge II and that Charge II contains no factual allegations of retaliation or any other indication that Bell was charging retaliation.

According to Cabela's, Bell then filed this action before the EEOC had completed its investigation of Charge II. Cabela's now seeks dismissal of Bell's retaliation claim, alleged as her second cause of action, because her failure to pursue that claim with the EEOC removed the claim from the EEOC's investigation, thereby denying Cabela's notice of the allegation and denying the EEOC the opportunity to employ informal methods of resolution. Therefore, Cabela's urges, Bell's retaliation claim was not exhausted administratively and this Court must dismiss it.

### III. Legal Standards

#### A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the

5

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the

complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). See Laughlin v. Metro., Washington Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998). Because this Court does not exclude the extrinsic documents submitted by Cabela's,[4] the motion to dismiss the plaintiff's second cause of action will be converted to a motion for summary judgment pursuant to Rule 56 and will be considered under the summary judgment standard of review.

B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

---

[4] Bell has submitted no extrinsic documents for this Court to consider.

(1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

A prerequisite to filing suit under Title VII is the filing of an administrative charge with the EEOC. See e.g., Chacko v. Patuxent Institution, 429 F.3d 505, 506 (4th Cir. 2005). The exhaustion requirement meets the twin goals of putting the employer on notice of the alleged violations and facilitating out-of-court resolution. EEOC v. American Nat'l Bank, 652 F.2d 1176, 1186 (4th Cir. 1981). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit." Chacko, 429 F.3d at 506. In other words, if the claims a plaintiff raises in the judicial complaint reasonably relate to the EEOC charge and "'can be expected to follow from a reasonable administrative

investigation,'" such claims may be advanced in the subsequent civil action. Miles v. Dell, Inc., 429 F.3d 480 (4th Cir. 2005) (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000)). Where the administrative charges involve "different time frames, actors, and discriminatory conduct than the central factual allegations in [the] formal suit," a plaintiff fails to meet the exhaustion requirement. Chacko, 429 F.3d at 506.

In this case, taking the facts in the light most favorable to Bell, as the non-moving party, this Court finds that Bell has presented no genuine issue of material fact regarding her retaliation claims. Bell's EEOC Charge II lacks adequate factual detail to put Cabela's on notice that she was bringing a claim for retaliation. Charge II does not allege retaliation--either by way of a checked box next to the word "Retaliation" or by way of factual allegations. Charge I, which did indicate a claim based on retaliation, was not served on Cabela's. These circumstances alone support a conclusion that Bell failed to exhaust her administrative remedies with respect to her retaliation claims. In addition, however, the EEOC, in an effort to ensure that the plaintiff's administrative charges contained all of the claims the plaintiff wished to include, contacted Bell's counsel with notification of the need to inform the EEOC in writing if Bell wanted to include a retaliation claim. Nothing in the record before this Court indicates that Bell, or her counsel, responded to the EEOC, nor

does Bell claim that she did so. Bell's failure to incorporate a retaliation allegation into her Charge II claims, even when expressly informed of the need to do so, further bolsters the conclusion that Bell did not adequately pursue her claims administratively before filing suit in federal court. In light of these circumstances, this Court finds that Bell failed to exhaust her administrative remedies for her retaliation cause of action, and this Court must dismiss that claim without prejudice.[5]

## V. Conclusion

For the reasons set forth above, this Court hereby ORDERS that Cabela's motion to dismiss be, and is hereby, DENIED IN PART as moot. Specifically, those portions of Cabela's motion to dismiss for improper venue, or, in the alternative, for change of venue are DENIED AS MOOT. This Court further ORDERS that the portion of Cabela's motion to dismiss which requests dismissal of the plaintiff's second cause of action be, and is hereby, CONVERTED to a motion for summary judgment and GRANTED under the standard for summary judgment. Accordingly, plaintiff's second cause of action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

IT IS SO ORDERED.

---

[5]As to the remaining count in this action, Count One, this case shall proceed in accordance with the scheduling order entered by this Court on May 22, 2008.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein.

DATED:    September 25, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE