IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LENA BELL,

        Plaintiff,

v.                                          Civil Action No. 5:08CV5
                                                                       (STAMP)
CABELA'S, INC.,

        Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING AS MOOT DEFENDANT'S**
**MOTION FOR EXTENSION OF TRIAL DEADLINES**

I. Procedural History

The plaintiff, Lena Bell ("Bell"), filed the above-styled civil action alleging that the defendant, Cabela's, Inc. ("Cabela's"), has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Pregnancy Discrimination Act. Bell brought suit in the United States District Court for the Western District of Pennsylvania. Bell's complaint asserted two causes of action: (1) that Cabela's discriminated against Bell on the basis of pregnancy and gender by failing to grant her an accommodation and by terminating her employment ("discrimination claim"); and (2) that Cabela's retaliated against Bell after she requested an accommodation for her pregnancy ("retaliation claim"). In response, Cabela's filed a motion to dismiss for lack of venue, or, in the alternative, for change of venue, and to dismiss the retaliation claim for failure

to exhaust administrative remedies.  Thereafter, the Western District of Pennsylvania, by stipulation of the parties, transferred the action to this Court.  Pending at the time of transfer was that portion of Cabela's motion seeking dismissal of Bell's retaliation claim for failure to exhaust administrative remedies.  Although Bell had previously been represented by counsel while the case was pending before the Western District of Pennsylvania, she is now proceeding pro se.[1]  Accordingly, this Court issued a Roseboro[2] notice informing Bell of her right to file responsive material to Cabela's motion to dismiss and alerting her that failure to so respond could result in the entry of an order of dismissal.  Bell filed a response, which objected to dismissing the retaliation claim on the general contention that she believes the facts of what occurred need to be made public.

After reviewing the parties' pleadings and the relevant law, this Court found that Bell had failed to exhaust her administrative remedies as to the retaliation claim.  Cabela's motion to dismiss was converted to a motion for summary judgment and granted.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Accordingly, the retaliation claim was dismissed without prejudice for failure to exhaust administrative remedies.[3]

Thereafter, Cabela's filed a motion for summary judgment on Bell's remaining cause of action--her discrimination claim. Another Roseboro notice was issued notifying Bell of her right to respond and alerting her to the possible consequences of failing to do so. To date, Bell has not filed any responsive pleading to Cabela's motion for summary judgment, and has not requested, by motion or otherwise, any extension of time to file a response. In light of its pending and unopposed motion for summary judgment, Cabela's also filed a motion for an extension of trial preparation deadlines until this Court has ruled on the summary judgment motion.

Cabela's pending motions are currently ripe for disposition. For the reasons that follow, this Court concludes that Cabela's motion for summary judgment must be granted. Because this Court will grant Cabela's motion for summary judgment, Cabela's motion for extension of trial preparation deadlines is moot and will therefore be denied.

---

[3]Transfer of this action to this Court rendered moot those portions of Cabela's motion to dismiss for improper venue, or, in the alternative, for change of venue. Accordingly, this Court denied as moot those portions of Cabela's motion.

II. Facts

The facts in this action are undisputed.[4] Bell was employed from April 13, 2005 until June 21, 2005 at the Wheeling Distribution Center of Cabela's Wholesale, Inc., a wholly owned subsidiary of Cabela's, Inc., located in Triadelphia, West Virginia. Bell worked as a Distribution Center Associate, the job duties of which require the ability to lift up to fifty pounds from floor to waist, up to fifty pounds from waist to shoulder, and up to fifty pounds from shoulder overhead. These physical requirements apply to Distribution Center Associates working in the packing and return departments.

---

[4]Included as exhibits to Cabela's motion for summary judgment are the sworn affidavits of Milt Ehly, Senior Human Resources Manager for Cabela's Wholesale, Inc., and Leilani M. Harbeck, an attorney for Cabela's, Inc. and Cabela's Wholesale, Inc. Mr. Ehly's affidavit refers to and attaches a copy of the job requirements for Distribution Center Associates, which Bell signed, thereby confirming her ability to perform the requirements, and a copy of the note from Bell's physician stating that Bell may lift up to twenty-five pounds at work. Ms. Harbeck's affidavit refers to and attaches copies of Cabela's first set of requests for admissions, a portion of the employee handbook stating that employment at Cabela's is at-will, the job requirements for Distribution Center Associates, and Cabela's short-term disability policy. Ms. Harbeck's affidavit states that Bell provided no response to Cabela's request for admission, or to other discovery requests. Bell has not disputed the factual assertions Cabela's has made in its motion for summary judgment, or objected to the accompanying sworn affidavits and attachments thereto. Because Bell did not respond to Cabela's request for admission, under Federal Rule of Civil Procedure 36, the matters asserted in Cabela's request for admission are deemed admitted and, therefore, conclusively established. See Fed. R. Civ. P. 36(a)(3), (b). Further, because Bell has not contested any of the factual matters in Cabela's motion, this Court concludes that she does not dispute them.

Shortly after her employment at Cabela's began, Bell became pregnant. Bell informed her supervisor of her pregnancy on or about June 1, 2005. Approximately one week later, Bell's physician advised her to avoid lifting more than twenty-five pounds. On or about June 20, 2005, Bell appeared at work and presented a note from her doctor confirming the twenty-five-pound lift limitation. Bell was not eligible for Cabela's light-duty program, which under Cabela's policy applied only to employees with medical restrictions resulting from a work-related injury or illness. Bell was also not entitled to the benefits of Cabela's short-term disability policy because she had been employed for less than the required three-month period. Accordingly, Cabela's gave Bell the option of voluntarily resigning or being transferred to seasonal work.[5] Bell requested instead that she be transferred to another department with less strenuous physical requirements. However, because Bell's medical restrictions were not the result of a work-related injury or illness, Cabela's declined to transfer Bell under its light-duty program, and on June 28, 2005, terminated her employment.

---

[5] The latter option, according to Bell, would essentially have placed her employment on hiatus until after the birth of her baby, at which time Cabela's would assess its employment needs and possibly permit her to return to work.

III. <u>Legal Standards</u>

A. <u>Motion for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson,</u> 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

6

reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, Bell, as the non-moving party, failed to respond to Cabela's motion for summary judgment after sufficient time for discovery and sufficient time to respond. However, Bell's failure to file a response does not relieve Cabela's from the burden

imposed upon it as the moving party. See <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit in <u>Custer</u> held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56(c)).

## IV. <u>Discussion</u>

Bell's discrimination claim fails as a matter of law. Title VII provides that an employer shall not "discriminate against any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act of 1978 amended Title VII's provisions to expand certain relevant definitions:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . .

42 U.S.C. § 2000e(k). Claims brought under the Pregnancy Discrimination Act are subject to the same analysis as other Title VII claims. See <u>DeJarnette v. Corning, Inc.</u>, 133 F.3d 293, 297 (4th Cir. 1998).

8

Title VII provides for two broad categories of actionable discrimination, disparate treatment and disparate impact. See Ardrey v. United Parcel Service, 798 F.2d 679 (4th Cir. 1986). To succeed on a disparate treatment claim, a plaintiff must prove discriminatory intent, whereas a disparate impact claim does not require a showing of discriminatory intent. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 830 n.9 (4th Cir. 1994). Here, Bell has asserted only a disparate treatment claim. Thus, she must make a prima facie showing that Cabela's intentionally discriminated against her because of, or on the basis of, her pregnancy.

To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff may use direct evidence that the defendant intended to discriminate or statistical or circumstantial evidence from which an inference of intentional discrimination can be drawn. See Spivey v. Beverly Enter., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999). Circumstantial evidence used to establish discriminatory intent must meet the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The United States Court of Appeals for the Fourth Circuit has articulated the McDonnell Douglas test as requiring the plaintiff to show: "(1) that she is a member of a protected class; (2) that she was qualified for her job and her job performance was satisfactory; (3)

that, in spite of her qualifications and performance, she was fired; and (4) that the position remained open to similarly qualified applicants after her dismissal." Williams v. Cerberonics, Inc., 871 F.2d 452, 455-56 (4th Cir. 1989). If the employee establishes a prima facie case, the burden shifts to the employer to produce evidence that the employee was terminated for a non-discriminatory reason. See McDonnell Douglas, 411 U.S. at 802. If the employer demonstrates a non-discriminatory justification for the termination, the burden then shifts back to the employee to show that the asserted justification is merely a pretext. Id. at 803-05. Here, Bell has not provided direct or statistical evidence of discrimination. Thus, her claims must be analyzed under the McDonnell Douglas burden-shifting test requiring her to establish a prima facie case based upon circumstantial evidence.

Bell has failed to meet two of the four required prongs under McDonnell Douglas. First, Bell has failed to demonstrate that she was performing her work satisfactorily at the time her termination. To the contrary, the uncontroverted evidence shows that she was unable to meet the fifty-pound lifting requirement of her job as a Distribution Center Associate. Second, Bell has failed to show that the position remained open to similarly qualified applicants after her termination. Bell has not demonstrated--or even alleged

--that her position remained open to any non-pregnant applicant with similar lifting restrictions.

To the extent that Bell's claim may possibly be construed as arguing that employees with physical limitations resulting from pregnancy should be entitled to light-duty assignments even though non-pregnant employees are not so entitled, that claim, too, lacks merit. The Fourth Circuit does not appear to have addressed the question of whether an employer's policy of limiting light-duty work to employees whose medical restrictions result from work related illness or injury violates Title VII and the Pregnancy Discrimination Act where applying the policy results in the denial of light-duty work to pregnant employees with medical restrictions. However, a number of other courts have addressed the issue in factually similar circumstances and have concluded that such policies do not run afoul of the protections afforded by Title VII and the Pregnancy Discrimination Act. See Urbano v. Continental Airlines, Inc., 138 F.3d 204 (5th Cir. 1998) (upholding district court's grant of summary judgment in favor of former employer because policy did not deny former employee light-duty work because of her pregnancy but because her physical ailments were not work related); Reeves v. Swift Transp. Co., Inc., 446 F.3d 637 (6th Cir. 2006) (finding employer's light-duty policy "pregnancy-blind" and upholding district court's entry of summary judgment in favor of employer); Spivey v. Beverly Enter., Inc., 196 F.3d 1309 (11th Cir.

11

1999) (upholding award of summary judgment to employer because policy of offering modified duty assignments only to employees who are injured on the job does not violate Pregnancy Discrimination Act); <u>Daugherty v. Genesis Health Ventures of Salisbury, Inc.</u>, 316 F. Supp. 2d 262, 264-65 (D. Md. 2004) (finding that policy of limiting light-duty assignments to employees whose temporary disability arises from work related injury does not impermissibly discriminate against pregnant employees because "employer is not required to treat disability arising from pregnancy more favorably than it treats other forms of temporary disability").

The foregoing authority persuades this Court that Bell's discrimination claim must fail as a matter of law. As noted above, Cabela's light-duty work program is available only to employees whose physical limitations result from work related injuries or illnesses. Consequently, employees whose medical restrictions are the result of non-work related medical conditions are not entitled to the benefits of the light-duty program. Because Bell's lifting restrictions resulted from a non-work related medical condition--pregnancy--she was ineligible for transfer to a light-duty assignment. Cabela's policy does not distinguish pregnancy from other non-work related medical conditions. Based upon the unopposed factual assertions set forth in this action, this Court concludes that Cabela's did not discriminate against Bell in violation of Title VII, as amended by the Pregnancy Discrimination

Act, by applying its pregnancy-neutral policy of providing light-duty work only to employees whose medical restrictions arise from a work related injury or illness. Because Bell has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has failed to make a prima facie showing of discriminatory treatment, Cabela's motion for summary judgment must be granted.

## V. Conclusion

For the reasons set forth above, Cabela's motion for summary judgment is GRANTED. Having so disposed of Cabela's motion for summary judgment, Cabela's motion for extension of trial preparation deadlines is now moot and, therefore, is DENIED AS MOOT. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE